# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                                            CASE NO. 3:19cr32/MCR

**TIMOTHY J. SMITH**

_____

## TRIAL BRIEF

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and represents that it has previously discussed the legal and factual issues with the attorney for the defendant herein pursuant to N.D. Loc. R. 26.2 with respect to those matters set forth in the rule. Counsel now files this report as required by N.D. Loc. R. 26.2 as follows:

A. <u>Discovery material provided:</u>

1. Government:

The government represents that it has provided the defendant with all discovery required by the rule, including any known *Brady* material. It further represents that more discovery was provided than is required by the rule; this includes supplemental packets of discovery. Further, all of the government's evidence was made available to the defense for review in advance of the trial

date and defense counsel took advantage of such a review at a law enforcement facility.

2. Defendant:

The defendant has not provided any discovery to the government.[1]

B. Stipulations as to evidence:

1. The parties have generally stipulated to authenticity/admissibility of the projected government exhibits in advance of trial.

C. Legal issues and case summary:

1. The government hereby, in advance, moves for the production of any defense witness statements as provided for in Rule 26.2, Fed. R. Crim. Procedure. While the government recognizes the defense is not required to produce a witness statement until after that witness has testified, the government is making such request, in advance, in order that the defense can make copies and produce them without unnecessary delay.

2. Because of the nature of the instant indictment, and the ease of access to the Gulf of Mexico within the Northern District of Florida, the

---

[1] Approximately two weeks in advance of the current trial date, the government was telephonically informed there "may" be an "expert witness" for the defense. The government has never been served with any information/paperwork regarding an "expert witness." The government requested reciprocal discovery, to include any/all disclosures about potential expert witnesses, on or about April 29, 2019, in its initial discovery letter (which is approximately seven months ago). As such, any attempt by the defense to utilize an "expert witness" at trial should be denied.

government requests the Court ask specific questions during voir dire, in addition to its normal inquiry, as it relates to the use/engagement of services regarding deep sea or sport fishing.  This would include inquiring as to (a) whether any potential juror has utilized the services of the victim company, (b) whether any potential jurors are charter boat captains, commercial fishers, or deep sea sport fishers, and (c) whether any potential juror believes it is inherently unacceptable to own/run a business that sells coordinates for deep sea fishing to the general public.

    3.   *Count One* – This Court is no doubt aware of the contours of Title 18, United States Code, Section 1030(a)(2)(C) after all the pretrial filings in the instant case.  (*See* Docs. 28, 29, 42, 43).  In this case, the government's evidence will show how the defendant accessed the victim's protected computer, with no permission from the victim, and thereby obtained information that was valued well over $5,000.  The defendant was able to do so by utilizing sophisticated techniques/programming as well as writing his own code to decrypt information.  Once achieved, the defendant then bragged about his crimes and shared the stolen information with others online.

    *Count Two* – As noted above, the defendant stole (having no authorization) the protected information of the victim company.  Once

obtained, he shared it with others, which provided a benefit to those who received it and thereby economically injured the victim. This protected information was a trade secret in that the stolen privately mapped fishing coordinates were comprised of scientific and technical information, including patterns, compilations, and designs that were of economic value. Though the instant case involves what may seem to be complex digital forensics and engineering, the crux of Count Two is simply that the defendant was displeased with the victim company's business model so he gained unauthorized access to its computer system and stole its secretly compiled technical information.

*Count Three* – Perhaps the most straight forward of counts charged in the indictment, whilst the defendant was in the midst of stealing the aforesaid protected information, he engaged in contact with the victim company's owner and attempted to extort a thing of value from said owner. That is, the defendant (via text message directly to the victim) informed the owner that the defendant would cease his illicit activity if the owner would provide the defendant with valuable fishing coordinates in the Gulf of Mexico.

4. Ultimately, the government anticipates the evidence at trial will reveal that the defendant, who is a software engineer, victimized a local

company by engaging in unauthorized access of the company's computer and stealing its trade secrets.  During this victimization, the defendant also attempted to extort the company's owners of information related to fishing coordinates that might personally benefit the defendant.  The defendant repeatedly engaged the victim's website, obtained the company's privately held and protected data via technical commands, and wrote his own personal code to decrypt the information/data into a readable format.  The defendant's malicious cyber acts thwarted the business model of the victim company in Pensacola, Florida. Cyber law enforcement agents located over 3,000 coordinates belonging to the victim company on the defendant's digital devices.  At a $190 sale price per coordinate, this means a potential loss to the company of approximately $600,000.  This included private coordinates that were protected by the victim company.  At no time did the defendant have authorization to access the protected and secured information or data of the victim company.

The government's evidence is anticipated to be admitted through lawful seizures of digital evidence, screen shots and pictures, certified business records, and testimony from victims and law enforcement officers who were part of the investigation.

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney

*/s/ David L. Goldberg*
David L. Goldberg
Assistant United States Attorney
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, FL  32502-5675
Phone:  (850)444-4000

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered via the Court's electronic filing system to defense counsel of record on this the 26th day of November, 2019.

*/s/ David L. Goldberg*
DAVID L. GOLDBERG
Assistant U.S. Attorney