# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                         CASE NO. 3:19cr32/MCR

**TIMOTHY J. SMITH**

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and submits these proposed jury instructions in the aforementioned matter. The government believes the following Eleventh Circuit Pattern Jury Instructions 2019 (hereinafter PJI) are applicable:

<u>Basic Instructions</u>
| | |
|---|---|
| B1 | Introduction |
| B2.1-2.2 | Duty to Follow Instructions |
| B3 | Definition of Reasonable Doubt |
| B4 | Consideration of the Evidence |
| B5 | Credibility of Witnesses |
| B7 | Expert Witness |
| B8 | Introduction to Offense Instructions |
| B9.1A | On or About-Knowingly-Willfully |
| B10.2 | Caution-Punishment |
| B11 | Duty to Deliberate |

B12        Verdict

Special Instructions
Ø          Venue[1]
           The government must prove that it is more likely than not that the offenses separately charged in the indictment were begun, continued through, were completed, or substantially contacted the Northern District of Florida. That is, to establish venue, the government need show that the crime(s) took place on a form of transportation in interstate commerce from, continuing through, completing, or substantially contacting Pensacola, Florida. Venue need only be proved by a preponderance of the evidence. This is a lower standard than proof beyond a reasonable doubt. The internet and the use of a cellular telephone are each a means and facility of interstate commerce that may establish venue.

---

[1] *See* Title 18, United States Code, Section 3237; *see also United States v. Little*, 864 F.3d 1283, 1287 (11th Cir. 2017); *United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004); *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999); *United States v. Bagnell*, 679 F.2d 826, 830-831 (11th Cir. 1982). For instructional out of circuit citations, *see also United States v. Tang Yuk*, 885 F.3d 57, 70 (2nd Cir. 2018); *United States v. Saavedra*, 223 F.3d 85, 88-89 (2nd Cir. 2000); *United States v. Beddow*, 957 F.2d 1330, 1335-1336 (6th Cir. 1992); and 8th Circuit Pattern Jury Instructions (2017).

Offense Instructions
## Count One[2]

1. The defendant intentionally accessed a computer;

2. The defendant did so without authorization;

3. The defendant obtained information;

4. The information was from a protected computer; and

5. The value of the information exceeded $5,000.

> The term "computer" includes any high speed data processing device that can perform logical, arithmetic, or storage functions, including any data storage facility, server or communications facility that is directly related to or operates in conjunction with a device.
>
> "Access a computer" means to communicate with, obtain information from, or make use of a computer or its related services. "Access without authorization" means to access a computer without the approval, permission, or sanction of the computer's owner or controller. "Obtaining information" includes merely reading information on the computer. It is not necessary for the government to prove that the defendant copied or removed data, although copying or removing data would be examples of obtaining information.
>
> A protected computer is one wherein reasonable measures have

---

[2] *See Hamilton Group Funding, Inc. v. Basel*, 311 F.Supp.3d 1307, 1313 (S.D. Fla. 2018); *Beecher Carlson Holdings, Inc. v. Stern Risk Partners, LLC*, 2015 WL 13306360 at *4 (N.D. Ga. 2015); *Dental Health Products, Inc. v. Ringo*, 2009 WL 1076883 at *7 (E.D. Wisconsin 2009); *see also* 7th Circuit Pattern Jury Instructions (2012) and 8th Circuit Pattern Jury Instructions (2017) for definitional purposes.

been put in place in an effort to keep some information secure or private. Such a computer must be used in interstate or foreign commerce or in a manner that affects interstate or foreign commerce. The internet is a means and facility of interstate and foreign commerce.

## Count Two[3]

1. The defendant intended to convert a trade secret to the benefit of anyone other than the owner;

2. The item/information was, in fact, a trade secret;

3. The defendant knowingly stole, or without authorization appropriated, took, carried away, or concealed, or by fraud, artifice, or deception obtained the trade secret;

4. The defendant intended, or knew, the offense would injure the owner of the trade secret; and

5. The trade secret was related to or included in a product that is produced for or placed in interstate or foreign commerce.

The term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—

---

[3] *See United States v. Howley*, 707 F.3d 575 (6th Cir. 2013); *United States v. Jin*, 733 F.3d 718 (7th Cir. 2013); *United States v. Hsu*, 155 F.3d 189 (3rd Cir. 1998); *see also* Title 18, United States Code, Section 1839 for definitional purposes.

(A) the owner thereof has taken reasonable measures to keep such information secret; and

(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information.

The government need not prove that the owner took all conceivable measures to protect the information's secrecy or that the measures the owner took were perfect, but it must prove the measures were reasonable under the circumstances. Further, information is readily ascertainable if it can be readily duplicated without involving considerable time, effort, or expense. It is not necessary for the government to prove an exact dollar amount attributable to the secrecy of the information, only that the owner derived some actual or potential economic value from its secrecy. The government is not required to prove there was an actual economic loss to the victim.

A trade secret may not be particularly novel or inventive. For example, the term trade secret can include compilations of information. Combinations or compilations of public information from a variety of different sources, when combined or compiled in a novel way, can be a trade secret. In such a case, if a portion of the trade secret is generally known or even if every individual portion of the trade secret is generally known, the compilation or combination of information may still qualify as a trade secret if it meets the definition of trade secret set forth above.

## Count Three[4]

1. The defendant knowingly sent a message in interstate commerce or using a facility of interstate commerce; and

2. The message contained a threat to extort money or something of value or injure the property or reputation of StrikeLines.

    Both a cellular telephone and the internet are facilities of interstate commerce.

    The government does not have to prove that the defendant intended to carry out the threat or succeeded in obtaining the money or any other thing of value. A "thing of value" is anything that has value to the defendant, whether it's tangible or not.

Respectfully submitted,
LAWRENCE KEEFE
United States Attorney

*/s/ David L. Goldberg*
David L. Goldberg
Assistant United States Attorney
Member of the Maryland Bar
21 East Garden Street, Ste. 400
Pensacola, Florida 32501
(850) 444-4000

---

4  *See* PJI O30.4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record on this the 26th day of November, 2019.

*/s/ David L. Goldberg*
DAVID L. GOLDBERG
Assistant U.S. Attorney